## T. W. Samuels, et al., *v.* Alex. Sayers, et al.

**Eminent Domain—Abandonment of Right—Adverse Possession.**

　　One holding possession of real estate under a railroad company which secured it for railroad uses under the right of eminent domain, but abandoned it, cannot successfully assert title by adverse possession against the rightful owner.

APPEAL FROM NELSON CIRCUIT COURT.

April 13, 1876.

Opinion of Judge Pryor:

At the time Arnold took possession of a portion of the right of way relinquished to the railroad company by Greathouse, it was for the purpose of erecting thereon a building for the purposes of the company, and for the accommodation of those traveling upon its road, in other words it was a way station created for the benefit and convenience of those being within its immediate locality. Arnold entered on the land in controversy under the railroad company, the latter holding under Greathouse. Weaver held under Arnold and Sayer under Weaver; and we do not well see how the appellees can now rely on an adverse holding as against Greathouse or his vendees. Arnold erected his building by the permission of the company. Sayer has done the same thing, and does not pretend to exhibit any other title or right of possession than that derived originally through and from the railroad company.

The company had the right to use this ground or right of way for all the legitimate purposes of the road; but in this case it has abandoned the possession or use of the way station, and left the building and ground within the thirty feet (except the road bed) in the possession and without the enclosure of the appellees, who are cultivating the land and claiming to hold it as against the rightful owner. Such a transfer of the possession by the company, if intended for the private use of Sayer or his vendor, was a forfeiture of the right,

and the owner could at once maintain his ejectment. There is no power on the part of the company to dedicate the fee or its use to any other purpose than such as necessarily pertains to the use and employment of the road by the company. It appears, however, that the appellees agree to surrender the possession when required by the company, and as they are asserting their right to hold the ground as against the appellants, and are now using it for their own private purposes, the company having abandoned the station, there is no reason why the appellants should not recover.

The case is now in a court of equity, and as the erection of the buildings was in the first place proper and for the legitimate use of the road, the chancellor in rendering his judgment should give to the appellees a reasonable time in which to remove their buildings and fencing from off the land in controversy and render a judgment deciding that the appellants are the rightful owners of the land in controversy. The railroad company appealed from the judgment below, and being made an appellee has had the right, if there had been a judgment against it, to have the company substituted as an appellant. There is no judgment, however, against the company. The questions on the cross petition of Sayers against the company are undisposed of, and the right of property in appellants is not questioned by the railroad company. The name of the railroad company is stricken from the record as appellee. The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*E. E. McKay, for Samuels. Muir & Wickliffe, for appellees. William Johnson, for L. & N. R. Co.*